IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JASON SANDERS                                                                    PETITIONER

v.                                    No. 4:22-cv-01240-JM-JTK

DEXTER PAYNE, Director,
Arkansas Division of Correction                                                  RESPONDENT

### RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge James M. Moody, Jr.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must:  (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation.  If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing the evidence in the record.  By not objecting, you may waive the right to appeal questions of fact.

*

Jason Sanders seeks *habeas* relief from the state court judgment in 01SCR-20-148.  *Doc. 14-3.*  He pled *nolo contendere* to two counts of second-degree sexual assault and was sentenced to concurrent terms of ten years' imprisonment by the Arkansas County Circuit Court in 01SCR-20-148.  *Doc. 14-3.*  A third count of second-degree sexual assault was *nolle prossed. Doc. 14-3.*  The negotiated plea agreement and plea hearing transcript are part of the state court record.  *Docs. 14-4, 14-5.*  On December 15, 2022, Sanders filed a timely *habeas* petition.  *Doc. 1.*  The undersigned directed Sanders to file an amended petition stating in greater detail how his convictions and sentences are in violation of the United States Constitution.  *Doc. 4.*  Sanders has filed an amended petition, *Doc. 5,* and Dexter Payne has responded, *Doc. 14.*  On reply, Sanders

states that the plea hearing transcript has been "revised." *Doc. 15*. Sanders has also filed a paper styled as a "Petition for 'Declaratory Judgment' for (Habeas Corpus)." *Doc. 25*. The undersigned recommends that the petition be denied and dismissed with prejudice and that the paper be dismissed without prejudice.

*

On June 4, 2022, Sanders signed an unconditional negotiated plea agreement, agreeing to plead *nolo contendere* to two counts of second-degree sexual assault in exchange for the prosecution's recommendation of concurrent sentences of ten years' imprisonment and *nolle prosse* of a third second-degree sexual assault charge. *Doc. 14-4*. Two days later, Sanders appeared at his plea hearing in the Arkansas County Circuit Court and pled no contest to two counts of second-degree sexual assault. *Doc. 14-5*. The third count was *nolle prossed*. Sanders stated on the record that his trial lawyer went over the plea agreement with him, that he was satisfied with the explanation, and that he was familiar with the document. Sanders stated that he understood a second-degree sexual assault conviction was punishable by five to twenty years' imprisonment and that he was waiving his right to a jury trial. He stated that no one had coerced him or made promises; he stated that he understood that his trial lawyer had negotiated his sentence with the prosecutor's office. Based on the plea agreement, the prosecution recommended two concurrent sentences of ten years' imprisonment, and Sanders responded that he had agreed to the sentences. The trial court accepted Sanders's plea and sentenced him based on the prosecution's recommendation. Judgment was entered on June 27, 2022. *Doc. 14-3*.

On October 14, 2022, Sanders filed in the Arkansas County Circuit Court a *pro se* petition to correct an illegal sentence under Arkansas Code Annotated section 16-90-111. *Doc. 14-6*. He

argued that he agreed to the two concurrent sentences of ten years' imprisonment only because he believed the sentences would run concurrently with his already-imposed sentence. *Doc. 14-6.* (In December 2013, Sanders pled guilty to second-degree sexual assault and was sentenced to fifteen years' imprisonment by the Craighead County Circuit Court. *Doc. 14-2.*). The § 16-90-111 petition remains pending.

*

In Claim One, Sanders says that he never entered a negotiated plea of *nolo contendere* to two counts of second-degree sexual assault. He says that he was sent to prison while waiting for his court date. Sanders says that he did not raise his claim in state court because, on the day that the trial lawyer was appointed to represent him, he told Sanders not to worry. In Claim Two, Sanders argues that he did not receive a timely trial because his trial was "put off." *Doc. 5 at 6.* He says that he did not raise the claim in state court because his trial lawyer "was telling me one thing and did another." *Doc. 5 at 6.* In Claim Three, Sanders says that, although he asked a detective and then his trial lawyer to recover his phone from "evidence," neither returned his phone. He says that he did not raise the claim in state court because he was "lost and confused on how the court and my lawyer were treating my case because of my prior case." *Doc. 5 at 8.* In Claim Four, Sanders says that, at the time that he agreed to the negotiated plea, he was already serving a prison sentence. He says that he entered into the negotiated plea agreement only because his trial lawyer told him that the new sentences would run concurrently with his existing sentence and that he would not have to spend any additional time in prison. He says that he did not raise the issue in state court because he could "not obtain the information that was needed due to the pandemic." *Doc. 5 at 10.*

*

3

Sanders, a state prisoner, may seek a writ of *habeas corpus* in federal court, if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before seeking *habeas* review, Sanders must have exhausted available state remedies by fairly presenting each of his claims in state court. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by involving one complete round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 845.

A claim is procedurally defaulted when the state court declined to review it because the petitioner failed to comply with a state procedural rule. *Coleman,* 501 U.S. at 729–32. Procedural default also occurs when a petitioner did not present a claim in state court and a remedy there is no longer available. *O'Sullivan*, 526 U.S. at 847–48. If a claim is procedurally defaulted, this Court can consider it only if Sanders establishes either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

\*

The undersigned concludes Sanders did not fairly present his claims in state court, so the claims are procedurally defaulted. *Coleman,* 501 U.S. at 731; *O'Sullivan*, 526 U.S. at 848. Because Sanders entered an unconditional plea of *nolo contendere, Doc. 14-4,* state procedural rules did not permit him to appeal his conviction and sentence. Ark. R. App. P–Crim. 1(a); Ark. R. Crim. P. 24.3(b). Although state rules allowed Sanders to file a new-trial motion, he did not do so. Ark. R. Crim. P. 33.3; *Bradford v. State,* 351 Ark. 394, 399, 94 S.W.3d 904, 907 (2003). Nor did he seek post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure.

Sanders did not raise Claims 1, 2, or 3 in state court, and the undersigned finds there is no non-futile remedy available. To the extent that Sanders is raising an ineffectiveness-of-trial

counsel claim, the undersigned concludes that the claim also is procedurally defaulted. Ineffectiveness claims must be asserted in a Rule 37 petition, and the ninety-day limitations period to do so has expired. Ark. R. Crim. P. 37.2(c)(i).

Claim 4 is similar is to Sanders's state-court argument raised in the § 16-90-111 petition to correct an illegal sentence. On *habeas* review, Sanders says that he entered into the plea agreement only because his lawyer told him that the two concurrent sentences imposed in 01SCR-20-148 by the Arkansas County Circuit would run concurrently with his existing sentence. Sanders's state court petition remains pending but is not an avenue for exhaustion. Under § 16-90-111, a petitioner may seek correction of an illegal sentence, meaning that the sentence is illegal on the face of the judgment, at any time. *Woodruff v. State,* 2024 Ark. 13, *4, 682 S.W.3d 662, 665. "The general rule is that a sentence imposed within the maximum term prescribed by law is not illegal on its face." *Hall v. State,* 2022 Ark. 16, *3, 638 S.W.3d 270, 273 (citation omitted). Sanders's concurrent terms of ten years' imprisonment does not exceed the statutory maximum term. Second-degree sexual assault is a Class B felony, Ark. Code Ann. § 5-4-401(a)(3), which carries a sentencing range of five to twenty years' imprisonment, Ark. Code Ann. § 5-14-125(b)(1).

Because Sanders's state-court petition based on an improper plea procedure is a claim that a sentence was illegally imposed and does not raise a question of a void or illegal sentence, § 16-90-111 is not an avenue for relief. *Hall,* 2022 Ark. 16, *4, 638 S.W.3d at 273. Sanders's "grounds for relief . . . go behind the face of the judgment and do not implicate the facial validity of the judgment," so the appropriate vehicle for relief is a timely filed Rule 37 petition. *Id.* Because Sanders did not file a Rule 37 petition seeking relief from a sentence imposed in an illegal manner within ninety days of the date that the judgment of conviction was entered, the petition is time-

barred. *Id.;* Ark. R. Crim. P. 37.2(c)(i). The undersigned concludes that, because there is no non-futile remedy available in state court, Claim 4 is procedurally defaulted.

The undersigned finds that Sanders has not demonstrated any excuse for procedural default. Ineffectiveness of trial counsel is an example of cause to excuse procedural default. *Murray v. Carrier,* 477 U.S. 478, 488 (1986). But Sanders has not developed any argument that his trial lawyer's purported missteps rise to the level of a constitutional violation. *Coleman,* 501 U.S. at 753–54; *Edwards v. Carpenter,* 529 U.S. 446, 551–53 (2000). The undersigned therefore recommends that the four claims be denied and dismissed based on procedural default.

\*

In November 2024, after briefing was completed, Sanders filed a "Petition for 'Declaratory Judgment' for (Habeas Corpus)," apparently arguing that the Arkansas Department of Correction has miscalculated his sentence. *Doc. 25 at 5.* Payne has not responded.

Sanders appears to have intended to file the paper in state court. He states that the "Circuit Court of Pulaski" is the appropriate court; and he cites the Arkansas Declaratory Judgment Act, Ark. Code Ann. § 16-111-101, et. seq, and the state *habeas corpus* statutes, Ark. Code Ann. § 16-112-101, et seq. The state-court remedy for challenging sentence computation is a petition for declaratory judgment and a petition for writ of mandamus. *Engram v. Norris,* 5:07-cv-00187, 2009 WL 2151758, \*3 & n.3 (citing Ark. Code Ann. § 16-111-101, et. seq. and § 16-115-101, et. seq.). The undersigned therefore recommends that the paper be dismissed without prejudice. To the extent Sanders intended to file the paper as an amendment to his *habeas* petition and raise a new claim, the recommendation is the same. Because Sanders has not exhausted his state court remedies, the claim is outside *habeas* review and must be dismissed. Sanders should be required

6

to seek relief from the appropriate state circuit court, followed by the appeal of any denial of relief, before bringing his claim in a federal *habeas* petition.

IT IS THEREFORE RECOMMENDED THAT: (1) Sanders's Amended Petition for Writ of Habeas Corpus be DENIED and DISMISSED with prejudice, *Doc. 5*; (2) that the "Petition for 'Declaratory Judgment' for (Habeas Corpus)," be DENIED without prejudice, *Doc. 25*; and (3) that no certificate of appealability shall issue.

DATED this 14th day of July, 2025.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE